■ RICHARD K. SCHENCK et al., Appellants, v HILL, LENT & TROESCHER, et al., Defendants. HAROLD FREUND, Third-Party Plaintiff-Respondent, v MEISELMAN, BOLAND, REILLY & PITTONI, ESQS., et al., Third-Party Defendants-Appellants.—In an action to recover damages for legal malpractice, the plaintiffs and the third-party defendants appeal from (1) an order of the Supreme Court, Nassau County (Burstein, J.), dated November 25, 1985, which, *inter alia,* denied the plaintiffs' application for a temporary restraining order staying the entry of an order disqualifying the plaintiffs' counsel, the third-party defendants-appellants, and (2) an order of the same court, also dated November 25, 1985, which granted the defendant third-party plaintiff's motion to disqualify the plaintiffs' counsel.

Ordered that the orders are affirmed, without costs or disbursements.

Special Term properly disqualified the third-party defendant

law firm Meiselman, Boland, Reilly & Pittoni (hereinafter Meiselman) from representing the plaintiffs in their legal malpractice action against the defendants. Once Meiselman was impleaded as a third-party defendant, the plaintiffs had the right, pursuant to CPLR 1009, in the words of Special Term, "to assert directly any claim they might have" against their own counsel. This placed the Meiselman law firm in the position of deciding whether the plaintiffs should amend their complaint so as to sue it. A clear conflict of interest was established, which warranted Special Term's determination.

Subsequent to oral argument of the instant appeal, this court received an affidavit from the plaintiffs dated April 7, 1987, wherein they state as follows: "we voluntarily and willingly hereby waive any rights we may have as against" the Meiselman law firm. However, this affidavit is dehors the record, and cannot be considered by this court in the determination of the instant appeal. The plaintiffs' remedy, if they be so advised, is to make an appropriate motion before Special Term.

We have reviewed the third-party defendants' remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.